STATE of Minnesota, Respondent,

v.

Scott HITCH, Appellant.

No. C2–84–655.

Court of Appeals of Minnesota.

Oct. 30, 1984.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Scott Hitch was convicted by a jury of criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.-344(d) (Supp.1983) for raping a mentally defective woman. He contends he did not receive a fair trial, and the evidence was insufficient to convict him because the State failed to prove: (1) the complainant was mentally defective or incapacitated, (2) he knew or should have known that complainant was mentally deficient, and (3) the incident occurred without complainant's consent. We affirm.

## FACTS

Hitch met complainant in downtown St. Cloud one evening and the two of them went drinking. Complainant was 27 years old at trial. She had an I.Q. of 71, which was just over the classification of mentally defective or retarded. She graduated from high school although she was placed in programs for the educable mentally retarded. She is able to live alone and take care of her basic needs. She described herself as "slow learner."

The two then left a bar and went driving. Near Sartell, Hitch stopped his car. Complainant testified Hitch forced her to engage in oral sex and sexual intercourse without her consent. She stated Hitch threatened to kill her, and that she scratched, hit and kicked him. Hitch threw her out of the car, threw her clothes out, and drove away.

Hitch testified complainant came on to him in the car and that he did put his finger in her vagina with her consent. He denied engaging in sexual intercourse with the complainant.

Hitch was charged with three counts of criminal sexual conduct in the first degree; the jury convicted him of the lesser-included offense of criminal sexual conduct in the third degree.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction?

2. Was appellant denied a fair trial?

## ANALYSIS

### I.

Minn.Stat. § 609.344 (Supp.1983) reads in part:

A person is guilty of criminal sexual conduct in the third degree and may be sentenced to imprisonment for not more than 10 years, or to payment of a fine of not more than $10,000, or both, if he engages in sexual penetration with another person and any of the following circumstances exists:

\*    \*    \*    \*    \*    \*

(d) The actor knows or has reason to know that the complainant is mentally defective, mentally incapacitated, or physically helpless.

Mentally defective means "that a person suffers from a mental disease or defect which renders that person temporarily or permanently incapable of appraising the nature of his conduct." Minn.Stat. § 609.-341, subd. 6 (1982).

The record supports the jury's verdict because the jury could reasonably find the complainant suffered from a mental defect which renders her temporarily or permanently incapable of appraising the nature of her conduct. The jury observed complainant on the witness stand. They listened to her testify, and were entitled to reach their conclusions based on her obviously limited communication skills, her demeanor, and her use of childlike vocabu-

lary. The documentary records admitted into evidence also support the jury's finding. Further, evidence of expert opinion from psychologists showed that complainant was almost borderline mentally defective according to various tests that she performed. Dr. Robert O'Neill testified that in his opinion the complainant would have difficulty appraising the nature of her conduct.

The record also shows that Hitch knew or had reason to know of complainant's mental defect. He admitted complainant was "a little slow" and that he had trouble understanding the complainant's first name when she spoke it. Her name is Kay. Again, the jury observed complainant testify, and they could reasonably conclude this requirement was met by the State.

Finally, Hitch argues the State failed to prove lack of consent. This argument is without merit as the record amply supports the jury's verdict that complainant did not consent.

## II.

Hitch contends he was denied a fair trial.

■ 1. Hitch claims the trial court erred in allowing Dr. O'Neill to testify that complainant would have difficulty in appraising the nature of her conduct. He contends such testimony was a legal analysis or a mixed question of law and fact. The testimony was properly admitted as expert opinion assisting the jury to determine a fact in issue. Minn.R.Evid. 702, 704. *See State v. Helterbridle*, 301 N.W.2d 545, 547 (Minn.1980).

2. Hitch claims error because of a reference by the prosecutor to other misconduct by Hitch during cross-examination of him. During the rigorous cross-examination, the prosecutor asked Hitch if he ever picked up a hitchhiker and asked to take her to a party. The prosecutor then stated a short while after that, "And I think you know the incident I am talking about." Apparently the prosecutor was referring to an incident in which charges were pending against Hitch for contributing to the delinquency of a minor after picking up a hitchhiker.

■ The prosecutor's question came only after Hitch had put his character in issue by calling several character witnesses. Under Minn.R.Evid. 608(b), it is permissible to impeach a witness on cross-examination by prior misconduct if the prior misconduct is probative of untruthfulness and its probative value is not outweighed by the risk of undue consumption of time, surprise, or prejudice. *State v. Clark*, 296 N.W.2d 359, 367 (Minn.1980).

■ Hitch claims that, in fact, the impeachment testimony regarding the hitchhiker was improper *Spreigl* evidence of which the State failed to give notice and otherwise failed to comply with the *Spreigl* requirements. However, when evidence is used as impeachment, no *Spreigl* notice is required. *Clark*, 296 N.W.2d at 368, n. 7. Even if we accepted Hitch's argument that the procedure for admissibility of other crimes' evidence was not complied with here, any error was harmless given the brief comment in the context of this hotly contested trial.

■ 3. Hitch's claim that the trial court improperly excluded two witnesses from testifying what Hitch told them had happened the night in question is without merit. The trial court temporarily excluded the evidence because it was hearsay. The court did not prevent Hitch from recalling the witnesses to corroborate his testimony after he testified. He failed to recall his witnesses. Under the circumstances, Hitch waived any objections to the exclusion of the witnesses' testimony.

## DECISION

Appellant received a fair trial, and the evidence was sufficient to convict him of criminal sexual conduct in the third degree.

Affirmed.